B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Southern District of Ohio | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Boyle, Peter C.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-0583** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**952 Charles Street<br>Logan, OH**<br><div align="right">ZIP Code<br>**43138**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align="right">ZIP Code</div> |
| County of Residence or of the Principal Place of Business:<br>**Hocking** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP Code</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization) (Check one box)

- ■ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)

- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

<div align="right">THIS SPACE IS FOR COURT USE ONLY</div>

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(04/13)     Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Boyle, Peter C.** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ Leann R. Deeter**      **October 9, 2013**<br>Signature of Attorney for Debtor(s)     (Date)<br>**Leann R. Deeter 0019910** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

  ☐ Yes, and Exhibit C is attached and made a part of this petition.

  ■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

  ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

  ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

  ■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

  ☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

  ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

  ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

        _____
        (Name of landlord that obtained judgment)

        _____
        (Address of landlord)

  ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

  ☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

  ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

## Voluntary Petition

*(This page must be completed and filed in every case)*

| | |
|---|---|
| | Name of Debtor(s):<br>**Boyle, Peter C.** |

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Peter C. Boyle**
Signature of Debtor  **Peter C. Boyle**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**October 9, 2013**
Date

### Signature of Attorney*

X **/s/ Leann R. Deeter**
Signature of Attorney for Debtor(s)

**Leann R. Deeter 0019910**
Printed Name of Attorney for Debtor(s)

**Raina D. Cornell & Associates**
Firm Name

**329 East Main Street**
**Lancaster, OH 43130**
Address

**Email: bankr.cornelllaw@sbcglobal.net**
**1- 740-653-4000  Fax: 1-740-653-4118**
Telephone Number

**October 9, 2013**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____
_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Southern District of Ohio

In re   **Peter C. Boyle**
_____   Case No. _____
                                    Debtor(s)        Chapter      **7**      _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

_Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed._

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. _Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency._

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. _You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed._

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. _[Summarize exigent circumstances here.]_ ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: _[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]_

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                  Page 2

     ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

     ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

     ☐ Active military duty in a military combat zone.

     ☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Peter C. Boyle**
                         **Peter C. Boyle**

Date:   **October  9, 2013**

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
## Southern District of Ohio

In re    **Peter C. Boyle**                                                                    ,    Case No. _____

                                                    Debtor

                                                                        Chapter_____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 3 | 55,400.00 | | |
| B - Personal Property | Yes | 9 | 107,364.91 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 8 | | 151,258.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 3,100.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 32,323.83 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 2,615.38 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 2,614.40 |
| Total Number of Sheets of ALL Schedules | | 29 | | | |
| Total Assets | | | 162,764.91 | | |
| Total Liabilities | | | | 186,681.83 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Southern District of Ohio

In re  **Peter C. Boyle**                                                                     ,     Case No. _____

                                        Debtor

                                                                                             Chapter _____**7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 3,100.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 3,100.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 2,615.38 |
| Average Expenses (from Schedule J, Line 18) | 2,614.40 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 3,814.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 21,130.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 3,100.00 |
| 4. Total from Schedule F | | 32,323.83 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 56,553.83 |

B6A (Official Form 6A) (12/07)

In re      **Peter C. Boyle**                                                                    ,      Case No. _____
                                                              Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Real Estate located at 33130 Evening Drive, Logan, Ohio. A copy of the Deed with Legal Description is attached. Value based on Auditors value & Debtors estimate.** | **Fee simple** | - | **55,400.00** | **65,014.00** |

|  | | Sub-Total > | **55,400.00** | (Total of this page) |
|  | | Total > | **55,400.00** | |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

## WARRANTY DEED

(O.R.C. 5302.05-5302.06)

04119

**KNOW ALL MEN BY THESE PRESENTS:** That Larry P. Gerstner, unmarried, and Bevan A. Barnett and Jacqueline Barnett, husband and wife, of Hocking County, State of Ohio for Ten Dollars ($10.00) and other good and valuable consideration paid, grant with general warranty covenants, to Peter C. Boyle and Jacqueline C. Boyle the following Real Property:

Situated in the County of Hocking, in the State of Ohio and in the Township of Falls:

See Exhibit "A" attached hereto and made a part hereof.

Parcel No. 2-000019.0000
Known as: 33130 Evening Drive, Logan, Ohio 43138

Subject to conditions, restrictions and easements, if any, contained in prior instruments of record.

Except taxes and assessments, if any, now a lien and thereafter due and payable.

Prior Instrument Reference:  Volume 215, Page 391 of the Deed Records of Hocking County, Ohio.

Witness their hand(s) this 31st day of August, 1994.

Signed and acknowledged in presence of:

_Larry P. Gerstner_
Larry P. Gerstner

_Bevan A. Barnett by Larry P Gerstner P.O.A._
Bevan A. Barnett by Larry P. Gerstner, Attorney in Fact

_Jacqueline Barnett by Larry P Gerstner P.O.A._
Jacqueline Barnett by Larry P. Gerstner, Attorney in Fact

State of Ohio, County of Fairfield, SS:

**BE IT REMEMBERED,** That on this 31st day of August, 1994, before me, the subscriber, a Notary Public in and for said state, personally came, Larry P. Gerstner and Bevan A. Barnett by Larry P. Gerstner, Attorney in Fact and Jacqueline Barnett by Larry P. Gerstner, Attorney in Fact the (Grantor(s) in the foregoing deed, and acknowledged the signing thereof to be their voluntary act and deed.

**IN TESTIMONY WHEREOF,** I have hereunto subscribed my name and affixed my official seal on the day and year last aforesaid.

_Notary Public_

SANDRA H. BRESLER
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES AUG 7, 1995

This instrument prepared by:
George A. Henry, Esq.,
32 W. Hoster St., Suite 230
Columbus, Ohio 43215

APPROVED FOR TRANSFER BY
HOCKING COUNTY ENGINEER'S OFFICE
BY _M_ _____ DATE 9-7-94

This Conveyance has been
examined and the Grantor has
complied with Section 319.200 of
the Revised Code, County Auditor.
FEES 250  EXEMPT

**TRANSFERRED**

SEP - 7 1994   50

LEONARD A. MYERS
HOCKING COUNTY AUDITOR

284



RECEIVED
1:35   IN HOCKING COUNTY OHIO
RECORDED
RECORDER

SEP 07 1994

_Donna R. French_
RECORDER, HOCKING COUNTY
LOGAN, OHIO 43138





**TITLE FIRST AGENCY BOX**

File No. 56092351            Exhibit "A" - Legal Description

SURVEY DESCRIPTION OF 6.44 ACRE TRACT FOR EARTH WORKS

Situated in Falls Township, Hocking County, Ohio; being part of the Southwest quarter of the Southwest quarter and part of the Northwest quarter of the Southwest quarter both of Section 1, Township 14, Range 17, and being more particularly described as follows:

Commencing for reference at a stone found at the Southeast corner of the Northwest quarter of the Southwest quarter of Section 1; thence North 3 degrees 51 minutes 45 seconds East a distance of 355.49 feet to a 5/8" iron pin previously set; thence North 86 degrees 14 minutes 45 seconds West a distance of 388.61 feet to a 5/8" iron pin previously set and being the point of Beginning of the tract of land to be described;

thence South 4 degrees 06 minutes 20 seconds West a distance of 652.54 feet to a point in the center of a platted private road easement, Evening Drive, and passing a 5/8" iron pin previously set at a distance of 617.23 feet;

thence with the center of said Evening Drive the following four bearings and distances:
1) North 30 degrees 23 minutes 40 seconds West a distance of 48.21 feet to a point;
2) North 75 degrees 22 minutes 00 seconds West a distance of 127.63 feet to a point;
3) South 85 degrees 56 minutes 20 seconds West a distance of 195.85 feet to a point;
4) North 68 degrees 09 minutes 30 seconds West a distance of 125.67 feet to a point;

thence leaving the center of said Evening Drive North 4 degrees 06 minutes 20 seconds East a distance of 576.16 feet to a 5/8" iron pin previously set and passing a 5/8" iron pin previously set at a distance of 21.00 feet;

thence South 86 degrees 14 minutes 45 seconds East a distance of 466.34 feet to the point of beginning, passing a 5/8" iron pin previously set at a distance of 233.37 feet, and containing 6.44 acres more or less subject any private easements of record.

The above 6.44 acre survey is intended to describe Part of the tract of land as deeded to Larry Gerstner and Bevan Barnett. Deed reference Volume 215, Page 391, Hocking County Recorder's Office. This survey was based upon information obtained from tax maps, deed descriptions, previous surveys, existing monumentation, and existing fence lines. The reference bearing for this survey is the West line of Section 1 as North 4 degrees 06 minutes 20 seconds East. All iron pins set or previously set by this survey are capped by a 1-1/4" plastic identification cap. The above described property was office surveyed from a prior October 14, 1985 actual survey by Larry P. Gerstner. Ohio Registered Surveyor No. 6344, on September 19, 1992.

Approved · Mathematically
Hocking County Engineer's office
By _____ Data 10-7-92

Survey by:
Larry P. Gerstner - Engineering and Surveying
119 West Main Street, Logan, Ohio 43138    385-4260
SUBDIVISION REGULATIONS WAIVED
BY _____ CITY _____ DATE 10-10-92

285

B6B (Official Form 6B) (12/07)

.

In re   **Peter C. Boyle**                                          ,    Case No. _____
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash on Hand** | - | 10.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account with PNC Bank** | - | 382.09 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Household goods, furniture & furnishings including but not limited to HP computer desktop, toshiba laptop, dining room table & chairs, Massburg 92 12 gauge shot gun & bell and cap blackpwer gun etc.** | - | 1,500.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | **Mens Clothing** | - | 100.00 |
| 7. | Furs and jewelry. | | **Watch & Misc Jewelry** | - | 50.00 |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Insurance Through Employer. NO CASH SURRENDER VALUE. REQUEST 100% EXEMPTION IN LIFE INSURANCE** | - | 0.00 |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >     **2,042.09**
(Total of this page)

___3___   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Peter C. Boyle**                                              ,      Case No. _____
                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **PERS. REQUEST 100% EXEMPTION IN PERS. Total Account value listed as of last** | - | 27,994.82 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **15 shares of Stock in Rocky Boots. Company is no longer in business therefore all stocks, etc are gone and have 0 value.** | - | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Potential 2013 Income Tax Refund. REQUEST MAXIMUM REMAINING EXEMPTIONS** | - | 0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >        27,994.82
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Peter C. Boyle**                                                              ,        Case No. _____
                                                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2013 Ford Truck F-150. Value based on Kelly Blue Book & Debtor estimate | H | 35,280.00 |
| | | 2012 Ford Escape. Value based on Kelly Blue Book. | H | 23,508.00 |
| | | 2013 Ducati Diavel Carbon Motorcycle. Value based on Kelly Blue Book | H | 15,940.00 |
| | | 2005 Polaris Sportsman ATV. Value based on Kelly Blue Book & Debtor estimate | H | 1,500.00 |
| | | 2001 Honda TRX ATV. Value based on Kelly Blue Book & Debtor Estimate | H | 1,000.00 |
| | | Homemade ATV trailer NO Title ONLY Registration. Value based on Debtor estimate. | - | 100.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

Sub-Total >        **77,328.00**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

**B6B (Official Form 6B) (12/07) - Cont.**

In re   **Peter C. Boyle**                                                                      ,   Case No. _____
                                                                  Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Mineral Rights for Green TWP, Ward Twp.  Not producing. Believe defunct at this time. Therefore, No cash value.** | - | **0.00** |

|  |  |
|---|---|
| Sub-Total > | **0.00** |
| (Total of this page) | |
| Total > | **107,364.91** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

**NON-NEGOTIABLE - FOR REGISTRATION ONLY**

ISSUING CNTY **FAIRFIELD**
RESIDENT CNTY **HOCKING**

**STATE OF OHIO    No.    23 0150 4326**

MEMORANDUM TITLE

ISSUE DATE
**01/19/2012**

IDENTIFICATION NUMBER
**1FMCU9EGXCKB51928**

COMMENTS

YEAR  MAKE  MAKE DESCRIPTION
**2012  FORD  FORD**

PURCHASE PRICE
**$31,582.46**

BODY TYPE  MODEL  MODEL DESCRIPTION
**UC  SPE  ESCAPE**

TAX
**$1,456.82**

MILEAGE
**260**

EVIDENCE
**OH MCO - IN STATE**

CONVERSION

MLG BRAND **ACTUAL**

BRAND(S)

OWNER
**PETER C. BOYLE**

**33130 EVENING DR
LOGAN, OH 43138**

PREVIOUS OWNER
**BOB BOYD FORD INC**

**2840 N COLUMBUS ST
LANCASTER, OH 43130-0000**

**23028413    ND001874**

FIRST LIENHOLDER       DATE OF LIEN:  **01/19/2012**
**FORD MOTOR CREDIT COMPANY**

**P O BOX 105704
ATLANTA, GA 30348-5704**

WARNING
MEMORANDUM TITLE
DO NOT DESTROY

**WITNESS MY HAND AND OFFICIAL SEAL THIS 19th DAY OF JANUARY,2012**

DEBORAH SMALLEY
CLERK OF COURTS

G

VJD
KMPETERS23

℅**E23001VHC**

## NON-NEGOTIABLE - FOR REGISTRATION ONLY

ISSUING CNTY **FAIRFIELD**
RESIDENT CNTY **HOCKING**

**STATE OF OHIO** No. **25 1209 7858**
MEMORANDUM TITLE

ISSUE DATE
**08/02/2013**

IDENTIFICATION NUMBER
**ZDM13BLW0DB015913**

COMMENTS

YEAR **2013** MAKE **DUCA** MAKE DESCRIPTION **DUCATI**

PURCHASE PRICE **$21,440.00**

BODY TYPE **MC** MODEL **DIA** MODEL DESCRIPTION **DIAVEL CARBON**

CONVERSION

TAX **$1,447.20**

MILEAGE **3** EVIDENCE **OH MCO - IN STATE**

MLG BRAND **ACTUAL**

BRAND(S)

OWNER
**PETER C. BOYLE**

**33130 EVENING DR**
**LOGAN, OH 43138**

PREVIOUS OWNER
**MOTOHIO**

**5936 SCARBOROUGH BLVD**
**COLUMBUS, OH 43232-0000**

**25311117    MN000621**

FIRST LIENHOLDER    DATE OF LIEN: **08/02/2013**
**FREEDOM RD FINANCIAL ITS**
**SUCCESSORS ANDOR ITS ASSIGNS**
**PO BOX 18218**
**RENO, NV 89511**

WARNING
MEMORANDUM TITLE
DO NOT DESTROY

WITNESS MY HAND AND OFFICIAL SEAL THIS 2nd DAY OF AUGUST,2013



**116014624**

DEBORAH SMALLEY
CLERK OF COURTS

G

RMCCOY
KMPETERS23

## NON-NEGOTIABLE - FOR REGISTRATION ONLY

ISSUING CNTY **FAIRFIELD**
RESIDENT CNTY **HOCKING**

**STATE OF OHIO**   No.   **23 0169 1491**

MEMORANDUM TITLE

ISSUE DATE
**03/13/2013**

IDENTIFICATION NUMBER
**1FTFX1ET8DFB43294**

COMMENTS

PURCHASE PRICE
**$46,550.00**

YEAR **2013**   MAKE **FORD**   MAKE DESCRIPTION **FORD**

BODY TYPE **PT**   MODEL **F15**   MODEL DESCRIPTION **LGT CONVTNL 'F'**

CONVERSION

TAX
**$1,387.13**

MILEAGE
**14**

MLG BRAND **ACTUAL**

EVIDENCE
**OH MCO - IN STATE**

BRAND(S)

OWNER
**PETER C. BOYLE**

**33130 EVENING DR**
**LOGAN, OH 43138**

PREVIOUS OWNER
**BYERS FORD LLC**

**1101 COLUMBUS PIKE**
**DELAWARE, OH 43015-0000**

**21032421   ND003406**

FIRST LIENHOLDER   DATE OF LIEN:   **03/13/2013**
**COLUMBUS METRO FCU**

**4000 E. BROAD ST.**
**COLUMBUS, OH 43213**

WARNING
MEMORANDUM TITLE
DO NOT DESTROY

WITNESS MY HAND AND OFFICIAL SEAL THIS 13th DAY OF MARCH, 2013

DEBORAH SMALLEY
CLERK OF COURTS

%115526948

G

ALC23
KMPETERS23



## OHIO CERTIFICATE OF TITLE

| | | |
|---|---|---|
| ISSUING CNTY **FAIRFIELD** | **STATE OF OHIO** | No. **23 0178 6053** |
| RESIDENT CNTY **HOCKING** | | |

**DUPLICATE** — DUPLICATE — DUPLICATE

ISSUE DATE **09/10/2013**

**ALL PURPOSE VEHICLE - OFF ROAD USE ONLY**

IDENTIFICATION NUMBER **4XAMH68A15A376001**
COMMENTS

YEAR **2005**  MAKE **POL**  MAKE DESCRIPTION **POLARIS**

PURCHASE PRICE **$7,060.15**
TAX **$134.87**
MLG BRAND

BODY TYPE **AT**  MODEL **–**  MODEL DESCRIPTION **SPORTSMAN**
MILEAGE **NO ODOM**  EVIDENCE **OH 0500340947**

CONVERSION

BRAND(S)

OWNER
**PETER C. BOYLE**

**33130 EVENING DRIVE**
**LOGAN, OH 43138**

PREVIOUS OWNER
**DON WOOD POLARIS**

**810 E STATE ST**
**ATHENS, OH 45701-0000**

**05019708    ND002651**

LIEN DISCHARGE
Lienholder

by: _____ Authorized signature _____ date
CLERK LIEN CANCELLATION
by: _____ Deputy Clerk _____ date

LIEN DISCHARGE
Lienholder

by: _____ Authorized signature _____ date
CLERK LIEN CANCELLATION
by: _____ Deputy Clerk _____ date

**WITNESS MY HAND AND OFFICIAL SEAL THIS 10th DAY OF SEPTEMBER, 2013**
(SEAL)

**%119170873**

*%119170873*
**%119170873**

*Deborah Smalley*

**DEBORAH SMALLEY**
**CLERK OF COURTS**

KMPETERS23
KMPETERS23

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.**

BMV 3800 Rev. 3/12



# OHIO CERTIFICATE OF TITLE

| | | | |
|---|---|---|---|
| ISSUING CNTY | FAIRFIELD | **STATE OF OHIO** | No. **23 0178 6054** |
| RESIDENT CNTY | HOCKING | DUPLICATE | DUPLICATE ISSUE DATE |
| | DUPLICATE | ALL PURPOSE VEHICLE - OFF ROAD USE ONLY | 09/10/2013 |

IDENTIFICATION NUMBER
**478TE260124101747**

COMMENTS

YEAR **2001**   MAKE **HOND**   MAKE DESCRIPTION **HONDA**

PURCHASE PRICE **$7,000.00**   BODY TYPE **AT**   MODEL **--**   MODEL DESCRIPTION **TRX500FA2**

CONVERSION

EXEMPT **DF**   MILEAGE **EXEMPT**   EVIDENCE **OH 3700125839**

MLG BRAND

BRAND (S)

OWNER
**PETER BOYLE**

**33130 EVENING DRIVE
LOGAN, OH 43138**

PREVIOUS OWNER
**ALLPOWER EQUIPMENT**

**8880 UNITED LANE
ATHENS, OH 45701-0000**

**05019029    AN000048**

LIEN DISCHARGE
Lienholder _____

by: _____
Authorized signature ___ date
CLERK LIEN CANCELLATION
by: _____
Deputy Clerk ___ date

LIEN DISCHARGE
Lienholder _____

by _____
Authorized signature ___ date
CLERK LIEN CANCELLATION
by _____
Deputy Clerk ___ date

WITNESS MY HAND AND OFFICIAL SEAL THIS 10th DAY OF SEPTEMBER, 2013

**%119170874**
(SEAL)

*%119170874*
**%119170874**

DEBORAH SMALLEY
CLERK OF COURTS
G

KMPETERS23
KMPETERS23

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.**

BMV 3800 Rev. 3/12

B6C (Official Form 6C) (4/13)

.

In re **Peter C. Boyle**
_____ ,
Debtor

Case No. _____

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$155,675. _(Amount subject to adjustment on 4/1/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)_

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| **Cash on Hand** | Ohio Rev. Code Ann. § 2329.66(A)(3) | 10.00 | 10.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking Account with PNC Bank** | Ohio Rev. Code Ann. § 2329.66(A)(3) | 382.09 | 382.09 |
| **Household Goods and Furnishings** | | | |
| **Household goods, furniture & furnishings including but not limited to HP computer desktop, toshiba laptop, dining room table & chairs, Massburg 92 12 gauge shot gun & bell and cap blackpwer gun etc.** | Ohio Rev. Code Ann. § 2329.66(A)(4)(a) | 1,500.00 | 1,500.00 |
| **Wearing Apparel** | | | |
| **Mens Clothing** | Ohio Rev. Code Ann. § 2329.66(A)(4)(a) | 100.00 | 100.00 |
| **Furs and Jewelry** | | | |
| **Watch & Misc Jewelry** | Ohio Rev. Code Ann. § 2329.66(A)(4)(b) | 50.00 | 50.00 |
| **Interests in Insurance Policies** | | | |
| **Term Life Insurance Through Employer. NO CASH SURRENDER VALUE. REQUEST 100% EXEMPTION IN LIFE INSURANCE** | Ohio Rev. Code Ann. §§ 2329.66(A)(6)(b), 3911.10, 3911.12, 3911.14 | 0.00 | 0.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **PERS. REQUEST 100% EXEMPTION IN PERS. Total Account value listed as of last** | Ohio Rev. Code Ann. §§ 2329.66(A)(10)(a), 521.09, 145.56, 145.75, 145.13, 742.47, 3307.71 | 27,994.82 | 27,994.82 |
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| **Potential 2013 Income Tax Refund. REQUEST MAXIMUM REMAINING EXEMPTIONS** | Ohio Rev. Code Ann. § 2329.66(A)(18) | 125.00 | 0.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2005 Polaris Sportsman ATV. Value based on Kelly Blue Book & Debtor estimate** | Ohio Rev. Code Ann. § 2329.66(A)(2) | 3,675.00 | 1,500.00 |
| **2001 Honda TRX ATV. Value based on Kelly Blue Book & Debtor Estimate** | Ohio Rev. Code Ann. § 2329.66(A)(18) | 1,000.00 | 1,000.00 |
| **Homemade ATV trailer NO Title ONLY Registration. Value based on Debtor estimate.** | Ohio Rev. Code Ann. § 2329.66(A)(18) | 100.00 | 100.00 |
| | Total: | 34,936.91 | 32,636.91 |

__0__ continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re   **Peter C. Boyle**                                                    ,                Case No. _____
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J | C | | | | | | |
| Account No. **xxxxx9544**<br><br>**Bank Of America, N.A.**<br>**4161 Piedmont Pkwy**<br>**Greensboro, NC 27410** | | - | | Opened 4/22/98 Last Active 9/01/13<br>**1st Mortgage**<br>**Real Estate located at 33130 Evening Drive, Logan, Ohio. A copy of the Deed with Legal Description is attached.**<br>**Value based on Auditors value & Debtors estimate.** | | | | | |
| | | | | Value $            55,400.00 | | | | 65,014.00 | 9,614.00 |
| Account No. **xxxxxxxxx3930**<br><br>**Columbus Metro Credit Union**<br>**PO Box 13240**<br>**Columbus, OH 43213-0240** | | - | | PMSI<br><br>**2013 Ford Truck F-150. Value based on Kelly Blue Book & Debtor estimate** | | | | | |
| | | | | Value $            35,280.00 | | | | 35,280.00 | 0.00 |
| Account No. **xxxx3663**<br><br>**Ford Cred**<br>**Po Box Box 542000**<br>**Omaha, NE 68154** | | - | | Opened 1/17/12 Last Active 9/01/13<br><br>PMSI<br><br>**2012 Ford Escape. Value based on Kelly Blue Book.** | | | | | |
| | | | | Value $            23,508.00 | | | | 26,964.00 | 3,456.00 |
| Account No.<br><br>**Freedom RD Financial**<br>**PO Box 18218**<br>**Reno, NV 89511** | | - | | PMSI<br><br>**2013 Ducati Diavel Carbon Motorcycle. Value based on Kelly Blue Book** | | | | | |
| | | | | Value $            15,940.00 | | | | 24,000.00 | 8,060.00 |

__0__ continuation sheets attached

|  | Subtotal<br>(Total of this page) | 151,258.00 | 21,130.00 |
|---|---|---|---|
|  | Total<br>(Report on Summary of Schedules) | 151,258.00 | 21,130.00 |

AFTER RECORDING MAIL TO:

Old Kent Mortgage Company
Secondary Marketing Operations
Final Documentation
P. O. Box 204
Grand Rapids, MI 49501-0204

LOAN NO. 0993978

LAWYERS TITLE AGENCY OF LANCASTER
CASE NUMBER _98-0067_

—————[Space Above This Line For Recording Data]—————

## OPEN-END MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on April 17, 1998 . The mortgagor is
Peter C. Boyle and Jacqueline C. Boyle, Husband and Wife

, and whose address is
33130 Evening Drive Logan, OH 43138                                    ("Borrower").
This Security Instrument is given to Fairfield Mortgage Company,

which is organized and existing under the laws of the State of Ohio
302 E. Main Street, Lancaster, OH 43130                , and whose address is
Borrower owes Lender the principal sum of Eighty Eight                   ("Lender").

Thousand Dollars and no/100
Dollars (U.S. $ 88,000.00 ). This debt is
evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly
payments, with the full debt, if not paid earlier, due and payable on May 1 , 2028 . This Security
Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals,
extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7
to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements
under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to
Lender the following described property located in Hocking
County, Ohio:

See attached Exhibit A.

```
9800002136
Filed For Record in
HOCKING COUNTY, OHIO
DONNA R. LEACH
On 04-23-1998 At 10:53 am.
MORTGAGE          34.00
Book OR Vol. 118 Pg.  200 - 206
```

which has the address of      33130 Evening Drive                     Logan
                                   [Street]                            [City]
Ohio   43138
      [Zip Code]
                  ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to
mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.

OHIO—SINGLE FAMILY—FNMA/FHLMC UNIFORM INSTRUMENT
ISC/CMDTOH//0491/3036(9-90)-L          PAGE 1 OF 6                    FORM 3036 9/90

LOAN NO. 0993978

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. §2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

OHIO–SINGLE FAMILY–FNMA/FHLMC UNIFORM INSTRUMENT
ISC/CMDTOH//0491/3036(9-90)-L

PAGE 2 OF 6

FORM 3036 9/90

LOAN    0993978

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

OHIO–SINGLE FAMILY–FNMA/FHLMC UNIFORM INSTRUMENT
ISC/CMDTOH//0491/3038(9-90)-L
PAGE 3 OF 6

FORM 3038 9/90

202

LOAN NO. 0 9 3 9 7 8

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

OHIO--SINGLE FAMILY--FNMA/FHLMC UNIFORM INSTRUMENT
ISC/CMDTOH//0491/3036(9-90)-L

FORM 3036 9/90

PAGE 4 OF 6

203

LOAN    0993978

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all

OHIO–SINGLE FAMILY–FNMA/FHLMC UNIFORM INSTRUMENT
ISC/CMDTOH//0491/3036(9-90)-L

PAGE 5 OF 6

FORM 3036 9/90

204

LOAN NO. 0993978

expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, costs of title evidence.

**22. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**23. Advances to Protect Security.** This Security Instrument shall secure the unpaid balance of advances made by Lender, with respect to the Property, for the payment of taxes, assessments, insurance premiums and costs incurred for the protection of the Property.

**24. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Adjustable Rate Rider ☐ Condominium Rider ☐ 1–4 Family Rider
☐ Graduated Payment Rider ☐ Planned Unit Development Rider ☐ Biweekly Payment Rider
☐ Balloon Rider ☐ Rate Improvement Rider ☐ Second Home Rider
☐ Other(s) [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____
Peter D. Rec lon

_____
Diane W. Isoncroft

_____ (Seal)
Peter C. Boyle                    -Borrower
Social Security Number  _____

_____ (Seal)
Jacqueline C. Boyle                -Borrower
Social Security Number  _____

_____ (Seal)
                                   -Borrower
Social Security Number

_____ (Seal)
                                   -Borrower
Social Security Number

_____[Space Below This Line For Acknowledgment]_____

**STATE OF OHIO,**                          Fairfield                     **County ss:**

On this 17th  day of  April, 1998  , before me, a Notary Public in and for said County and State, personally appeared Peter C. Boyle and Jacqueline C. Boyle

the individual(s) who executed the foregoing instrument and acknowledged that t h e y  did examine and read the same and did sign the foregoing instrument, and that the same is t h e i r  free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

My Commission expires:

_____
(Seal)

_____
Notary Public

B. DIANE WILSONCROFT
Notary Public, State of Ohio
My commission expires 2-4-99

This Instrument Prepared By:
Old Kent Mortgage Company
2545 Farmers Drive
Columbus, Ohio 43235
Natasha M. Bates

OHIO–SINGLE FAMILY–FNMA/FHLMC UNIFORM INSTRUMENT
ISC/CMDTOH//0491/3036(9-90)-L                        PAGE 6 OF 6

FORM 3036 9/90

205

EXHIBIT "A"

Situated in Falls Township, Hocking County, Ohio; being part of the Southwest quarter of the Northwest quarter of the Southwest quarter and part of the Southwest quarter of the Southwest quarter both of Section 1, Township 14, Range 17; and being more particularly described as follows:

Commencing for reference at a stone found at the Southeast corner of the Northwest quarter of the Southwest quarter of Section 1; thence North 3 degrees 51 minutes 45 seconds East a distance of 355.49 feet to a 5/8" iron pin previously set; thence North 86 degrees 14 minutes 45 seconds West a distance of 388.61 feet to a 5/8" iron pin previously set and being the point of Beginning of the tract of land to be described;

thence South 4 degrees 06 minutes 20 seconds West a distance of 652.54 feet to a point in the center of a platted private road easement, Evening Drive, and passing a 5/8" iron pin previously set at a distance of 617.23 feet;

thence with the center of said Evening Drive the following four bearings and distances:

1)  North 30 degrees 23 minutes 40 seconds West a distance of 48.21 feet to a point;
2)  North 75 degrees 22 minutes 00 seconds West a distance of 127.63 feet to a point;
3)  South 85 degrees 56 minutes 20 seconds West a distance of 195.85 feet to a point;
4)  North 68 degrees 09 minutes 30 seconds West a distance of 125.67 feet to a point;

thence leaving the center of said Evening Drive North 4 degrees 06 minutes 20 seconds East a distance of 576.16 feet to a 5/8" iron pin previously set and passing a 5/8" iron pin previously set at a distance of 21.00 feet;

thence South 86 degrees 14 minutes 45 seconds East a distance of 466.34 feet to the point of beginning, passing a 5/8" iron pin previously set at a distance of 233.37 feet, and containing 6.44 acres more or less subject any private easements of record.

The above 6.44 acre survey is intended to describe part of the tract of land as deeded to Larry Gerstner and Bevan Barnett. Deed reference Volume 215, Page 391, Hocking County Recorder's Office. This survey was based upon information obtained from tax maps, deed descriptions, previous surveys, existing monumentation, and existing fence lines. The reference bearing for this survey is the West line of Section 1 as North 4 degrees 06 minutes 20 seconds East. All iron pins set or previously set by this survey are capped by a 1-1/4" plastic identification cap. The above described property was office surveyed from a prior October 14, 1985 actual survey by Larry P. Gerstner, Ohio Registered Surveyor No. 6344. on September 19, 1992.

TOGETHER WITH the right to use the private roadway more particularly described in the Dedication of Surveyed Private Roadway for Ingress and Egress to Whitetail Acres found recorded in Plat Cabinet 1, Pages 157B and 158A; and such easement rights as are more fully set forth in the Declaration of Mutual Easements found recorded in Deed Record Volume 215, Page 438, Hocking County Recorder's Office, which is incorporated herein by reference as if fully set forth.

206

B6E (Official Form 6E) (4/13)

.

In re   **Peter C. Boyle**                                                      ,      Case No. _____
_____
                        Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

<u>      1      </u>      continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re    **Peter C. Boyle**_____,    Case No. _____
                              Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | 2007 | | | | | | |
| **Internal Revenue Service** **PO Box 7346** **Philadelphia, PA 19101-7346** | - | | 2007 Income Taxes Due | | | | | | 3,100.00 |
| | | | | | | | 3,100.00 | | 0.00 |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

| | | | |
|---|---|---|---|
| Sheet  __1__  of  __1__  continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims | Subtotal (Total of this page) | 3,100.00 3,100.00 | 0.00 |
| | Total (Report on Summary of Schedules) | 3,100.00 3,100.00 | 0.00 |

Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re   **Peter C. Boyle**                                                                    ,    Case No. _____
_____
                                         Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | H | W J C | | | | | | |
| Account No. xxxxxxx8609<br><br>**American Electric Power**<br>**P O Box 24401**<br>**Canton, OH 44701** | - | | | | **2003**<br>**Utility service.** | | | | 29.24 |
| Account No. xxxxxxxxxxx9866<br><br>**Citizens Bank Of Logan**<br>**188 W Main St**<br>**Logan, OH 43138** | - | | | | **Opened 12/05/12  Last Active  9/01/13**<br>**Credit Card** | | | | 1,793.00 |
| Account No. xxxx4439<br><br>**Direct TV**<br>**P.O. Box 6550**<br>**Englewood, CO 80155-6550** | - | | | | **2013**<br>**Utility services.** | | | | 82.94 |
| Account No. xxxxxxxxx5152<br><br>**Freedom Road Financial**<br>**10605 Double R Blvd**<br>**Reno, NV 89521** | - | | | | **Opened  7/31/13  Last Active  8/28/13**<br>**Recreational** | | | | 20,730.00 |
| _1_    continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | | | 22,635.18 |

B6F (Official Form 6F) (12/07) - Cont.

In re  **Peter C. Boyle** _____,  Case No. _____
_____
Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**Jackie C. Boyle**<br>**33130 Evening Drive**<br>**Logan, OH 43138** | - | | **Any and all claims arising out of marital relationship and or termination of marriage** | | | | **Unknown** |
| Account No. **xxxxxxxxxxxx5745** <br><br>**Onemain**<br>**Po Box 499**<br>**Hanover, MD 21076** | - | | **Opened  4/25/13  Last Active  8/26/13**<br>**PERSONAL LOAN** | | | | **9,559.76** |
| Account No. **xxxxx5266** <br><br>**Sprint Customer Service**<br>**P O Box 8077**<br>**London, KY 40742** | - | | **2013**<br>**Telephone services** | | | | **128.89** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. __1__ of __1__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal<br>(Total of this page) | **9,688.65** |
|---|---|---|
|  | Total<br>(Report on Summary of Schedules) | **32,323.83** |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

.

In re   **Peter C. Boyle**                                                                  ,        Case No. _____

                                                          Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

   **0**
_____  continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

B6H (Official Form 6H) (12/07)

.

In re      **Peter C. Boyle**                                                                    ,      Case No. _____
                                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

**B6I (Official Form 6I) (12/07)**

In re   **Peter C. Boyle** _____   Case No. _____
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Separated** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Tech a service** | |
| Name of Employer | **City of Pickerington** | |
| How long employed | **6 years** | |
| Address of Employer | **200 Hereford Drive** **Pickerington, OH 43147** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **3,814.00** | $ **N/A** |
| 2. Estimate monthly overtime | $ **0.00** | $ **N/A** |
| 3. SUBTOTAL | $ **3,814.00** | $ **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ **615.23** | $ **N/A** |
|    b. Insurance | $ **161.08** | $ **N/A** |
|    c. Union dues | $ **0.00** | $ **N/A** |
|    d. Other (Specify):    **AFSC** | $ **40.91** | $ **N/A** |
|                 **PERS** | $ **381.40** | $ **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **1,198.62** | $ **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **2,615.38** | $ **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **N/A** |
| 8. Income from real property | $ **0.00** | $ **N/A** |
| 9. Interest and dividends | $ **0.00** | $ **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **N/A** |
| 11. Social security or government assistance (Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 12. Pension or retirement income | $ **0.00** | $ **N/A** |
| 13. Other monthly income (Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **0.00** | $ **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **2,615.38** | $ **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **2,615.38** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
    **Debtor is in process of Divorce with Spouse.**

B6J (Official Form 6J) (12/07)

In re **Peter C. Boyle** _____   Case No. _____
                              Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 400.00 |
| a. Are real estate taxes included?                    Yes ___        No **X** | | |
| b. Is property insurance included?                    Yes ___        No **X** | | |
| 2. Utilities:      a. Electricity and heating fuel | $ | 150.00 |
| b. Water and sewer | $ | 50.00 |
| c. Telephone | $ | 150.00 |
| d. Other _____ | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 354.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 35.00 |
| 7. Medical and dental expenses | $ | 60.00 |
| 8. Transportation (not including car payments) | $ | 425.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 87.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)   **Taxes** _____ | $ | 350.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 503.40 |
| b. Other _____ | $ | 0.00 |
| c. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other _____ | $ | 0.00 |
| Other _____ | $ | 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and,    $  2,614.40
if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ | 2,615.38 |
| b. Average monthly expenses from Line 18 above | $ | 2,614.40 |
| c. Monthly net income (a. minus b.) | $ | 0.98 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Southern District of Ohio

In re **Peter C. Boyle** _____    Case No. _____

                                         Debtor(s)    Chapter    **7** _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

     I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**31**__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **October  9, 2013** _____    Signature    **/s/ Peter C. Boyle** _____

                                                         **Peter C. Boyle**
                                                         Debtor

_Penalty for making a false statement or concealing property:_  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Southern District of Ohio

In re    **Peter C. Boyle**                                      Case No.
                                               Debtor(s)        Chapter    **7**

## STATEMENT OF FINANCIAL AFFAIRS

     This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

     Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

     *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

     *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$36,077.56** | **2013 Year to date income from employment** |
| **$38,400.11** | **2012 Income from employment** |
| **$38,400.11** | **2011 Income from employment** |

---

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$1,546.20** | **2013 Year to date income from Royalties** |

B7 (Official Form 7) (04/13)
2

| AMOUNT | SOURCE |
|---|---|
| **$2,000.00** | **2012 Income from royalties** |
| **$1,146.20** | **2011 Income from Royalties** |

---

**3. Payments to creditors**

None
☐

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Bac Home Loans Servici** | **8/4/13** | **$0.00** | **$0.00** |
| **450 American St** | | | |
| **Simi Valley, CA 93065** | | | |

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

**5.  Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6.  Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7.  Gifts**

None
☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| **Zach Boyle**<br>**350 N. Walnut Street**<br>**Logan, OH 43138** | **son** | **12/25/2011** | **$500.00** |

**8.  Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
4

**9.  Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYER IF OTHER<br>THAN DEBTOR | AMOUNT OF MONEY<br>OR DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|
| **Raina D. Cornell & Associates**<br>**329 E. Main Street**<br>**Lancaster, OH 43130** | 09/10/2013 | **$800.00 Attorney Fee; $40.00**<br>**credit report; $306.00 court**<br>**costs/filing fee; $34.00**<br>**postage, mailings, copier &**<br>**reproduction charges, parking**<br>**etc.** |
| **001 Debtorcc, Inc.**<br>**372 Summit Avenue**<br>**Jersey City, NJ 07306** | 09/08/2013 | **$9.95Credit Counseling** |

**10.  Other transfers**

None
■

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED<br>AND VALUE RECEIVED |
|---|---|---|

None
■

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER<br>DEVICE | DATE(S) OF<br>TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND<br>VALUE OF PROPERTY OR DEBTOR'S INTEREST<br>IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR<br>DIGITS OF ACCOUNT NUMBER,<br>AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE<br>OR CLOSING |
|---|---|---|

**12.  Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK<br>OR OTHER DEPOSITORY | NAMES AND ADDRESSES<br>OF THOSE WITH ACCESS<br>TO BOX OR DEPOSITORY | DESCRIPTION<br>OF CONTENTS | DATE OF TRANSFER OR<br>SURRENDER, IF ANY |
|---|---|---|---|

B7 (Official Form 7) (04/13)
5

**13.  Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| **Mark Clay**<br>**Columbus Street**<br>**Pickerington, OH 43147** | **1972 Yamaha 125** | |

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

B7 (Official Form 7) (04/13)
6

None
■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18 . Nature, location and name of business

None
■    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
■    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None
■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
■    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None
■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

B7 (Official Form 7) (04/13)
7

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

---

**20. Inventories**

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ■ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22 . Former partners, officers, directors and shareholders**

None ■ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None ■ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

B7 (Official Form 7) (04/13)
8

**25. Pension Funds.**

None    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an
■        employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto
and that they are true and correct.

Date    **October  9, 2013**                              Signature    **/s/ Peter C. Boyle**
                                                                        **Peter C. Boyle**
                                                                        Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## Southern District of Ohio

In re    **Peter C. Boyle**

_____
Debtor(s)

Case No. _____

Chapter    **7**    _____

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that
    compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
    be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 800.00 |
| Prior to the filing of this statement I have received | $ | 800.00 |
| Balance Due | $ | 0.00 |

2.  The source of the compensation paid to me was:

    ■ Debtor        ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ■ Debtor        ☐ Other (specify):

4.  ■  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
       copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or
    any other adversary proceeding.**

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

Dated:    **October  9, 2013**
_____

**/s/ Leann R. Deeter**
_____
**Leann R. Deeter 0019910**
**Raina D. Cornell & Associates**
**329 East Main Street**
**Lancaster, OH 43130**
**1- 740-653-4000  Fax: 1-740-653-4118**
**bankr.cornelllaw@sbcglobal.net**

---

B 201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

## Chapter 11: Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Southern District of Ohio

In re    **Peter C. Boyle**                              Case No. _____

                                                  Debtor(s)        Chapter    **7** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

         I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | | |
|---|---|---|
| **Peter C. Boyle** | X    **/s/ Peter C. Boyle** | **October 9, 2013** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | X _____ | |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

.

American Electric Power
P O Box 24401
Canton, OH 44701

BAC Home Loan Servicing LP
Attn: Customer Service CA6-919-01-41
P.O. Box 5170
Simi Valley, CA 93062-5170

Bank of America
Home Loans Servicing
P.O. Box 5170
Simi Valley, CA 93062-5170

Bank Of America, N.A.
4161 Piedmont Pkwy
Greensboro, NC 27410

Citizens Bank Of Logan
188 W Main St
Logan, OH 43138

Columbus Dod Fed Cu
3990 E Broad St
Columbus, OH 43213

Columbus Metro Credit Union
PO Box 13240
Columbus, OH 43213-0240

Columbus Metro Federal Credit Union
4000 E. Broad Street
Columbus, OH 43213

Direct TV
P.O. Box 6550
Englewood, CO 80155-6550

Ford Cred
Po Box Box 542000
Omaha, NE 68154

Ford Credit
PO Box 790093
Saint Louis, MO 63179

Ford Motor Credit Company
PO Box 105704
Atlanta, GA 30348-5704

Freedom RD Financial
PO Box 18218
Reno, NV 89511

Freedom Road Financial
10605 Double R Blvd
Reno, NV 89521

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Jackie C. Boyle
33130 Evening Drive
Logan, OH 43138

National Bankruptcy Service Center
P.O. Box 6275
Dearborn, MI 48121

One Main Financial
1124 Memorial Drive
London, OH 43140

One Main Financial
1124 North Memorial Drive
Lancaster, OH 43130

Onemain
Po Box 499
Hanover, MD 21076

Sprint Customer Service
P O Box 8077
London, KY 40742

B22A (Official Form 22A) (Chapter 7) (04/13)

| | |
|---|---|
| In re __Peter C. Boyle__<br>　　　　　　　Debtor(s)<br><br>Case Number: _____<br>　　　　　　　(If known) | According to the information required to be entered on this statement<br>(check one box as directed in Part I, III, or VI of this statement):<br><br>☐ **The presumption arises.**<br><br>■ **The presumption does not arise.**<br><br>☐ **The presumption is temporarily inapplicable.** |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | Part I. MILITARY AND NON-CONSUMER DEBTORS |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends**.<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>　　　a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>　　　　　☐ I remain on active duty /or/<br>　　　　　☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>　　　　　OR<br><br>　　　b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>　　　　　☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

B22A (Official Form 22A) (Chapter 7) (04/13)                                                           2

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| | |
|---|---|
| **2** | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ■ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |

| | | Column A<br>Debtor's Income | Column B<br>Spouse's Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| **3** | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $  3,814.00 | $ |

| | | | | |
|---|---|---|---|---|
| **4** | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | | |

| | | Debtor | Spouse |
|---|---|---|---|
| a. | Gross receipts | $         0.00 | $ |
| b. | Ordinary and necessary business expenses | $         0.00 | $ |
| c. | Business income | Subtract Line b from Line a | |

Column A: $  0.00  Column B: $

| | | | | |
|---|---|---|---|---|
| **5** | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | | |

| | | Debtor | Spouse |
|---|---|---|---|
| a. | Gross receipts | $         0.00 | $ |
| b. | Ordinary and necessary operating expenses | $         0.00 | $ |
| c. | Rent and other real property income | Subtract Line b from Line a | |

Column A: $  0.00  Column B: $

| | | Column A | Column B |
|---|---|---|---|
| **6** | **Interest, dividends, and royalties.** | $  0.00 | $ |
| **7** | **Pension and retirement income.** | $  0.00 | $ |
| **8** | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $  0.00 | $ |

| | | | |
|---|---|---|---|
| **9** | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $  0.00   Spouse $ | $  0.00 | $ |

| | | | |
|---|---|---|---|
| **10** | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |

| | | Debtor | Spouse |
|---|---|---|---|
| a. | | $ | $ |
| b. | | $ | $ |

| | | Column A | Column B |
|---|---|---|---|
| | Total and enter on Line 10 | $  0.00 | $ |
| **11** | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $  3,814.00 | $ |

B22A (Official Form 22A) (Chapter 7) (04/13)                                                                                              3

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | $ | 3,814.00 |

### Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).**  Multiply the amount from Line 12 by the number 12 and enter the result. | $ | 45,768.00 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) a. Enter debtor's state of residence:  **OH**   b. Enter debtor's household size:  **1** | $ | 42,814.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 13 is less than or equal to the amount on Line 14.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI and VII.<br>■ **The amount on Line 13 is more than the amount on Line 14.**  Complete the remaining parts of this statement. | | |

### Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)

### Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | $ | 3,814.00 |

| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | | |

| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |

| | Total and enter on Line 17 | $ | 0.00 |

| 18 | **Current monthly income for § 707(b)(2).**  Subtract Line 17 from Line 16 and enter the result. | $ | 3,814.00 |

### Part V. CALCULATION OF DEDUCTIONS FROM INCOME

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.**  Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ | 583.00 |

| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | | |

| | Persons under 65 years of age | | | Persons 65 years of age or older | | |
| --- | --- | --- | --- | --- | --- | --- |
| a1. | Allowance per person | 60 | a2. | Allowance per person | 144 | |
| b1. | Number of persons | 1 | b2. | Number of persons | 0 | |
| c1. | Subtotal | 60.00 | c2. | Subtotal | 0.00 | $ 60.00 |

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ | 408.00 |

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ 704.00 | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ 879.94 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ 0.00 |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ 0.00 |
|---|---|---|

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0   ☐ 1   ■ 2 or more. If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 424.00 |
|---|---|---|

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 0.00 |
|---|---|---|

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1   ■ 2 or more. Enter, in Line a below,  the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ 517.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ 521.29 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ 0.00 |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ 517.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ 682.06 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ 0.00 |

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ 615.23 |
|---|---|---|

| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ | **422.34** |
|----|----|----|----|
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ | **0.00** |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ | **0.00** |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ | **0.00** |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ | **0.00** |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ | **0.00** |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ | **0.00** |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ | **2,512.57** |

| **Subpart B: Additional Living Expense Deductions** |
|---|
| **Note: Do not include any expenses that you have listed in Lines 19-32** |

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |
|----|----|----|----|
| | a. Health Insurance $ **161.08** | | |
| | b. Disability Insurance $ **0.00** | | |
| | c. Health Savings Account $ **0.00** | $ | **161.08** |
| | Total and enter on Line 34.<br><br>**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br>$ _____ | | |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ | **0.00** |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | **0.00** |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | **0.00** |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $156.25* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | **0.00** |

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | **0.00** |
|----|----|----|----|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ | **0.00** |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ | **161.08** |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | |
|----|----|----|----|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | **Bank Of America, N.A.** | **Real Estate located at 33130 Evening Drive, Logan, Ohio. A copy of the Deed with Legal Description is attached. Value based on Auditors value & Debtors estimate.** | $ **879.94** | ■yes □no |
| b. | **Columbus Metro Credit Union** | **2013 Ford Truck F-150. Value based on Kelly Blue Book & Debtor estimate** | $ **682.06** | □yes ■no |
| c. | **Ford Cred** | **2012 Ford Escape. Value based on Kelly Blue Book.** | $ **521.29** | □yes ■no |
| d. | **Freedom RD Financial** | **2013 Ducati Diavel Carbon Motorcycle. Value based on Kelly Blue Book** | $ **463.99** | □yes ■no |
| | | | Total: Add Lines | $ **2,547.28** |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |
|----|----|----|----|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | **Bank Of America, N.A.** | **Real Estate located at 33130 Evening Drive, Logan, Ohio. A copy of the Deed with Legal Description is attached. Value based on Auditors value & Debtors estimate.** | $ **44.00** |
| | | Total: Add Lines | $ **44.00** |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ | **0.00** |
|----|----|----|----|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
| | a. | Projected average monthly chapter 13 plan payment. | $ | 0.00 |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x | 4.90 |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $ | 0.00 |
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | | $ | 2,591.28 |

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ | 5,264.93 |

### Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18** (Current monthly income for § 707(b)(2)) | $ | 3,814.00 |
| 49 | **Enter the amount from Line 47** (Total of all deductions allowed under § 707(b)(2)) | $ | 5,264.93 |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ | -1,450.93 |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ | -87,055.80 |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 51 is less than $7,475\***. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $12,475\*** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,475\*, but not more than $12,475\*.** Complete the remainder of Part VI (Lines 53 through 55). |
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.**  Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. |

### Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total:  Add Lines a, b, c, and d | $ |

### Part VIII. VERIFICATION

\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B22A (Official Form 22A) (Chapter 7) (04/13)                                                                8

| | |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)* <br><br> Date:  **October  9, 2013** _____          Signature:  **/s/ Peter C. Boyle** _____ <br><br>                                                                       **Peter C. Boyle** <br>                                                                        *(Debtor)* |